CATHERINE S. ARNOLD v. GEORGE W. WHITCOMB AND GEORGE W. WAITE.

*Deed—Mental competency of grantor.*

No *legal* question is involved in this controversy, the question being one purely of fact, namely, whether the complainant was competent to execute the deed she seeks to set aside, which question is answered in the affirmative.

Appeal from Branch. (Loveridge, J.) Argued October 21, 1890. Decided October 31, 1890.

Bill to set aside a deed executed by complainant to defendant Whitcomb, and a mortgage from him to his co-defendant, on the ground of the incompetency of the grantor, etc. Complainant, and defendant Whitcomb, appeal from decree setting aside the deed, but holding the mortgage a valid security. Reversed, and decree entered holding deed valid, but subject to a life-estate in the complainant, to which the mortgage is subject. The facts are stated in the opinion.

*John B. Shipman,* for complainant, contended:

1. Under the circumstances, and considering the relation between the parties, it was incumbent upon the defendants to show the fairness of the transaction, and that the deed was the intelligent act of the complainant, before asking the court to sanction it. This Court has repeatedly set aside instruments obtained by fairer means than the one in question; citing *Seeley v. Price,* 14 Mich. 541; *Case v. Case,* 26 Id. 484; *Wartemberg v. Spiegel,* 31 Id. 400; *Berry v. Whitney,* 40 Id. 65; *Curtis v. Brownell,* 42 Id. 165; *Thorn v. Thorn,* 51 Id. 167; *Crawford v. Hoeft,* 58 Id. 1; *McDaniel v. McCoy,* 68 Id. 332; *Crips v. Towsley,* 73 Id. 395.

2. When a deed has been obtained under such circumstances, there

is no such thing as a *bona fide* mortgagee. The deed is not only voidable, but void, as against third persons, as well as against the grantee; citing *Hannahs v. Sheldon*, 20 Mich. 278; *Rogers v. Blackwell*, 49 Id. 192; *Curtis v. Brownell*, 42 Id. 165; *McGinn v. Tobey*, 62 Id. 252.

3. Whether defendant Waite was an innocent mortgagee is not in issue. He does not make that claim in his answer. The rule laid down in the books is that the facts constituting a person a *bona fide* mortgagee must be set up in the answer before evidence can be given of them, although notice of defects in his title is not charged; citing *Frost v. Beekman*, 1 Johns. Ch. 302; *Denning v. Smith*, 3 Id. 345; *Boone v. Chiles*, 10 Pet. 177; *Thomas v. Stone*, Walk. Ch. 117.

*Milo D. Campbell* and *Clayton C. Johnson,* for defendant Whitcomb, contended:

1. The evidence of mistake (if such be claimed) should be so clear as to establish that fact beyond cavil, and especially as the papers were prepared by complainant's own adviser: citing *Case v. Peters*, 20 Mich. 303; *Vary v. Shea*, 36 Id. 388; *Reynolds v. Campbell*, 45 Id. 529.

2. The testimony of complainant, though uncontradicted, would not be sufficient to set aside her deed; citing *Kent v. Lasley,* 24 Wis. 654; *McClellan v. Sanford*, 26 Id. 595; *Harter v. Christoph*, 32 Id. 245.

3. A deed should not be set aside, though made by a very aged person, where good reasons are given for making it, though under guardianship when the application is made; citing *Sikes v. Crissman*, 35 Mich. 96.

4. The incompetency alleged must have existed at the very time the papers were made, and proof of its existence some time before or after the execution will not avail; citing *Brown v. Brown*, 39 Mich. 792; and the burden of proof is on the complainant; citing *Brown v. Brown*, 39 Mich. 792; *Gibbons v. Dunn,* 46 Id. 146; *Harris v. Smith*, 40 Id. 453; and the fact that they are executed in harmony with intentions long entertained by the grantor is entitled to great weight; citing *Campbell v. Campbell*, 75 Mich. 53.

5. Instruments not properly acknowledged are good between the parties; citing *Taylor v. Youngs*, 48 Mich. 268; *Brown v. McCormick*, 28 Id. 215; How. Stat. §§ 5713, 5724.

*Charles N. Legg,* for defendant Waite, contended:

1. When the court is called upon to postpone a legal mortgage,

its powers are invoked to take away a legal right, and I can see no ground which can justify such action except fraud, or gross and willful negligence, which, in the eyes of the court, amounts to fraud; citing 1 Jones, Mort. §§ 592, 625; *Fraser v. Passage*, 63 Mich. 551; *Iron Works v. Bresnahan*, 66 Id. 500.

2. If it is found that the title of Whitcomb was acquired through fraud, still his mortgage to an innocent mortgagee for value will be protected, and he held to account for the money realized thereon; citing *Cheney v. Gleason*, 117 Mass. 557; *Austin v. Dean*, 40 Mich. 386; *McGinn v. Tobey*, 62 Id. 252.

GRANT, J. The complainant is a widow, and was about 84 years old at the time the bill was filed. Her husband's estate had been divided between herself and their children. The land here in dispute was assigned to her. She was the owner in fee-simple.

The defendant Whitcomb is her grandson, and at the time of the transaction referred to in the bill of complaint was about 20 years old. His mother became insane when he was a child, and has ever since been confined in an asylum. The complainant took him to live with her, brought him up, and, except one short absence, he lived with her till the commencement of this suit. In the spring of 1888 he was about to go to Dakota, where he had been a portion of the previous year. About this time she was taken sick, and at her solicitation he remained at home. On April 30, 1888, she executed to him a warranty deed of the land in question. He at the same time signed and delivered to her a life-lease of the premises, which gave her the absolute possession, control, use, and all the rents and profits of the land. She soon recovered from her sickness, and they continued to live together until he was married, in the fall of 1888. After the marriage they still lived together for a while, but finally she lived by herself in one part of the house and he and his wife in the other. The deed was properly

executed and recorded. The lease was not acknowledged by him, but was delivered.

February 27, 1889, she, by her solicitor, filed this bill, praying that the deed might be set aside, and alleging that, according to her recollection, it was not read to her, and if it was, being deaf, that she did not understand it; that she did not know what kind of a paper she signed, nor what its purport was, but that she was told that she could revoke it, set it aside, and take possession of the property at any time she saw fit; and that she was incompetent at the time either to make any such agreement, or to sign such paper, or to enter into any business transaction, and did not then know what she had done.

Defendant Waite was a mortgagee of the defendant Whitcomb, the mortgage being for $300, and executed subsequent to the deed. Proofs were taken and decree rendered for complainant. The circuit judge filed a written opinion, in which he says that the mind of complainant, for a person of her age, is vigorous and strong; that she realized that she was making a conveyance, but supposed it was of such a nature that she could at any time recall it; that her mind was weakened and impaired by her long and severe illness, and that she did not fully understand and comprehend the effect of the business she was transacting.

There is no evidence in the case of undue influence, deception, or fraud. No legal question is involved in the controversy. The question is one purely of fact, namely, was she competent to execute the deed? We cannot concur with the learned circuit judge in the conclusion reached by him. The examination of complainant, which was very long and rigid, shows that she is possessed of unusual mental vigor for one of her age. It furthermore

shows that the arrangement, as she understood it, was practically carried out by the deed and the lease. Outside of the interested witnesses, her own sons and daughters, the testimony is too weak to be of any value. The disinterested witnesses on her part do not testify to any impairment of mind, but only to weakness caused by severe sickness. It fails to make out a case of incompetency. Even the interested witnesses do not testify to facts which show incompetency, and, without such facts to enlighten the court, opinions should receive little consideration. But even their opinions are so colored by prejudice, feeling, and interest, that they are practically valueless. The testimony of her agent who drew the papers, of the physician who attended her, of the justice who took the acknowledgment, and several other neighbors and acquaintances, shows that she was competent to execute the deed; that she thoroughly understood the transaction; and that the deed was read over to her by Mr. Beers, who drew it, and explained to her her rights under the lease. It is apparent that the interference of others, prompted by selfishness, was the cause of the trouble between complainant and her grandson. It would be profitless to enter into the details of this transaction, and the quarrels between this family, contained in a record of 250 pages.

There is no evidence that the neglect to have the lease acknowledged was anything but an oversight. After this suit was brought, defendant Whitcomb, who always recogvized its validity, tendered complainant a lease properly executed and acknowledged. We hold the deed valid, subject to a life-estate in complainant. Defendant Waite took his mortgage with full knowledge of complainant's rights. It is therefore subject to her life-estate. This was the decree of the court below, and it is correct.

Decree of the court below reversed, and decree entered

here in accordance with this opinion. Under the circumstances, no costs will be allowed.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.